IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FILOMENO FRANCO,** | : | **CIVIL ACTION NO. 1:18-CV-2339** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN BRADLEY,** | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Filomeno Franco ("Franco"), a federal inmate confined at the United States Penitentiary, Canaan, Pennsylvania. Franco challenges the validity of his conviction for attempted escape in the United States District Court for the Western District of Texas. Franco also asserts that the Bureau of Prisons ("BOP") improperly added three public safety factor points to his custody classification score. For the reasons set forth below, the court will dismiss the petition.

**I.      Factual & Procedural Background**

On October 28, 2009, Franco was charged in an indictment with two separate counts of attempted escape from the Odessa Detention Center, where Franco was serving sentences imposed in the United States District Court for the Western District of Texas for convictions of cocaine distribution and bribery of a public official. United States v. Franco, No. 7:09-cr-284, Doc. 1, Indictment (W.D. Tex.). On January 14, 2010, a jury convicted Franco of one count of attempted escape from

the Odessa Detention Center, in violation of 18 U.S.C. § 751(a). Id. at Doc. 33, Jury Verdict. On March 30, 2010, Franco was sentenced to fifty-seven (57) months' imprisonment and three (3) years of supervised release. Id. at Doc. 42. Franco filed an appeal to the Fifth Circuit Court of Appeals. United States v. Franco, No. 10-50320 (5th Cir.). On June 22, 2011, the Fifth Circuit affirmed the conviction and sentence, and rejected Franco's claim that the government failed to present any evidence to sustain the conviction. United States v. Franco, 430 F. App'x 299 (5th Cir. 2011).

On June 20, 2012, Franco filed a motion to vacate sentence under 28 U.S.C. § 2255, arguing that trial counsel was ineffective by failing to investigate or call defense witnesses. United States v. Franco, No. 7:09-cr-284, Doc. 70, Motion to Vacate under 28 U.S.C. § 2255. On July 24, 2013, the sentencing court denied the motion to vacate sentence. Franco v. United States, 2013 WL 12231373 (W.D. Tex. Jul. 24, 2013). Franco filed an appeal to the Fifth Circuit Court of Appeals. United States v. Franco, No. 7:09-cr-284, Doc. 81, Notice of Appeal. On August 8, 2013, the sentencing court denied Franco a certificate of appealability. Id. at Doc. 82, Order Denying Certificate of Appealability. On November 13, 2013, the Fifth Circuit dismissed Franco's appeal for failure to comply with the certificate of appealability requirements and failure to pay the filing fee. Id. at Doc. 88.

Franco subsequently moved for relief from judgment under Federal Rule of Civil Procedure 60(a), wherein he sought relief for a clerical error in his judgment. Id. at Doc. 90, Motion for Relief from Judgment. The sentencing court granted Franco's motion for relief from judgment and corrected the judgment to reflect that

Franco's conviction under 18 U.S.C. § 751(a) was for attempted escape, and not escape.  Id. at Doc. 91, Order.

Franco filed the instant federal habeas petition on December 3, 2018.  (Doc. 1).  For relief, Franco requests that the court vacate his federal conviction and sentence for attempted escape under 18 U.S.C. § 751(a).  (Id. at 8).  Respondent filed a response seeking dismissal of the petition.  (Doc. 8).  No traverse was filed.  Accordingly, this matter is ripe for disposition.

II.     **Discussion**

   A.     **Franco Fails to Meet the Savings Clause of 28 U.S.C. § 2255(e)**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e) specifically

prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Importantly, § 2255 "in not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538. However, as recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal, to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251.

    Franco's present claims falls within the purview of § 2255 because they challenge the validity of his conviction and sentence. He presents no reason as to why the claims raised in the instant petition could not have been presented in a § 2255 motion, or as grounds for a motion to file a second or successive petition. As such, his claims do not fall within the savings clause, as he has not demonstrated that an intervening change in the law made his conviction noncriminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the

4

stringent standard for filing a second or successive § 2255 motion. See Dorsainvil, 119 F.3d at 251. In fact, there is no indication that Franco requested permission from the United States Court of Appeals for the Fifth Circuit to file a second or successive § 2255 motion, a remedy that remains available to him. Moreover, the denial of a second or successive petition does not make § 2255 relief inadequate or ineffective. See Cradle, 290 F.3d at 539 (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). Therefore, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

**B.     Claim Not Cognizable in a Federal Habeas Corpus Action**

In the habeas petition, Franco also disputes his custody classification score. (Doc. 1, at 10, 14). A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  See Leamer, 288 F.3d at 540.

Franco's claim related to his BOP custody classification does not challenge the basic fact or duration of his imprisonment.  See Levi v. Ebbert, 2009 WL 2169171 at *5-7 (M.D. Pa. July 20, 2009) (claims which pertain to an inmate's custodial classification scores are not cognizable in a federal habeas petition), aff'd 353 F. App'x 681 (3d Cir. 2009); Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (petitioner's challenge to his security designation and custody classification could not be raised in habeas petition and must be brought in a civil rights complaint).  Because this claim does not affect the duration of Franco's confinement, it is not cognizable in a habeas petition.  Therefore, the court will dismiss this claim without prejudice.

### III. Conclusion

The court will dismiss Franco's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      December 29, 2020